IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
MISC. CASE NO.: 3:05MC329

*In Re Deposition Subpoena Issued By Hoechst* )
*Celanese Entities Noticing November 3, 2005* )  **O R D E R**
*Deposition of Troy F. Stanley* )
)
*This matter arises out of a related action:* )
*SDNY Docket No.: 03 CV 8679* )
_____)

**THIS MATTER** is before the Court on a Motion To Quash Subpoena, filed on behalf of Troy F. Stanley ("Stanley") on October 24, 2005.[1] (Document #1) In the alternative, Stanley requests a modification of the subpoena or issuance of a protective order. On October 28, 2005, Hoechst Aktiengesellschaft, Celanese Aktiengesellschaft, CNA Holdings, Inc., and Celanese Americas Corporation (collectively, "Hoechst Entities"), filed a memorandum of law in opposition to the motion. (Document #2)

This dispute arises out of a civil action pending in the Southern District of New York ("New York action") before The Honorable Naomi Reice Buchwald. (*SDNY Docket No.: Koch Industries, Inc., Kosa B.V., Arteva Specialties S.a.r.l., and Arteva Services S.a.r.l. v. Hoechst et al., SDNY Docket No.: 03 CV 8679*) This dispute is also related to consolidated pretrial proceedings transferred to the undersigned judge by the Judicial Panel on Multidistrict Litigation ("Panel"). (*In Re Polyester Staple Antitrust Litigation, MDL #1516; WDNC Charlotte Division - Lead Docket No.: 3:03CV1516*) ("MDL 1516")

---

[1] The movant, Troy F. Stanley, is a former Hoechst Celanese employee, retired Arteva / KoSa employee, who now serves as a consultant to Arteva / KoSa for purposes of resolving litigation spawned by the alleged polyester staple fiber antitrust conspiracy.

## A. Nature Of The Relationship Between Litigation In The Southern District Of New York & MDL 1516

As noted by the parties in their briefs, the extent to which these two actions are related has already been the subject of some litigation both before the Panel and this Court. The New York action was commenced in November of 2003 by the Arteva / KoSa entities[2] and is described as a "fraud and breach of contract [action] in connection with KoSa's acquisition in 1998 of Hoechst Celanese's polyester business." (Mem. In Opp., at 1.) MDL 1516 involves individual and class action claims which allege that a conspiracy existed from as early as 1995, to as late as 2001, to violate the federal antitrust laws by way of price fixing and customer allocation within the United States' polyester staple fiber industry. Arteva / KoSa and Hoechst Celanese are both named defendants in MDL 1516. In the New York action, Arteva / KoSa alleges that Stanley "participated in a conspiracy to rig bids and allocate business with respect to certain polyester staple customers since 1995." (SDNY Compl., ¶4) Although the nature of the claims alleged in the New York action are distinct, the factual bases for claims in that action overlap with the allegations in MDL 1516.

## B. Stay Of Discovery Imposed In MDL 1516 Through November 30, 2005

On October 3, 2005, in MDL 1516, the undersigned imposed a stay of all discovery, with the exception of a discrete group of four (4) noticed and scheduled depositions and pending interrogatories previously submitted to Arteva / KoSa. The very next day, on October 4, 2005, counsel for Hoechst wrote Arteva / KoSa (as counsel for Hoechst in the New York action) indicating its intent to notice Stanley's deposition promptly. (Hoechst's Exh. D) An examination of exhibits

---

[2] "Arteva / KoSa" refers to the following entities: Koch Industries, Inc., Kosa B.V., Arteva Specialties S.a.r.l. (now named "INVISTA S.a.r.l.") and Arteva Services S.a.r.l.

2

tendered in connection with the motion to quash reflect that immediately prior to October 4, 2005, or as late as September 28, 2005, Hoechst was waiting on final production of documents from Arteva / KoSa related to Stanley. (Hoechst's Exhs. B and C) Hoechst had not initiated any discussions with Arteva / KoSa or Stanley's individual counsel about a convenient time for deposing Mr. Stanley.

### C. Analysis Of Motion Under Rule 45(c) of the Federal Rules Of Civil Procedure

Rule 45(c) governs the instant motion and provides as follows:

**(c) Protection of Persons Subject to Subpoenas.**
**(1)** A party or an attorney responsible for the issuance and service of a subpoena **shall take reasonable steps to avoid imposing undue burden** or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

\*\*\*

**(3)(A)** On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
**(i)** fails to allow reasonable time for compliance; or

\*\*\*

**(iv)** subjects a person to undue burden.

FED. R. CIV. P. 45(c)(1) and (c)(3)(A)(i) and (iv).

In support of his motion, Stanley contends that Hoechst's subpoena does not allow reasonable time for compliance. Stanley also contends that compliance with the subpoena will create an undue burden given the current posture of MDL 1516. This Court agrees.

3

Unfortunately for Hoechst, the presiding district judge assigned this miscellaneous action is also the presiding judge in the related MDL proceedings referenced in the memoranda. Counsel for Hoechst was present on October 3, 2005, and participated in the discussions with respect to the stay of discovery in 3:03CV1516. In fact, Hoechst's counsel vehemently opposed imposition of the stay and voiced keen interest in the deposition of Stanley proceeding without further delay. (10/3/05 Hr'g Trans., at 21-25.) More importantly, Hoechst's counsel is undoubtedly aware of the Court's purpose in imposing the stay, which is to last approximately two (2) months.

Under Rule 45, Hoechst is required to take *reasonable steps* to avoid undue burden on the person subject to the subpoena. This is particularly true where the person subject to the subpoena is a third-party to the lawsuit.[3] In this case, the burden is created by Hoechst's interference with the stay of discovery in MDL 1516, which was imposed with the expectation that all of the parties would devote their time and energy towards a good faith attempt to settle the remaining aspects of this case - an objective in which Hoechst apparently does not join. Mr. Stanley's deposition has the potential to breed even more animosity between the Arteva / KoSa and Hoechst entities. Thus, Hoechst's decision to notice Stanley's deposition during this time period is deemed unreasonable by this Court. As noted by Stanley and Arteva / KoSa, there is no compelling reason why Stanley's deposition must occur now.[4] For these reasons, the undersigned will modify the subpoena and require that Hoechst postpone the deposition of Mr. Stanley until after November 31, 2005 - or until a date <u>after</u> the stay

---

[3] In Hoechst's initial efforts to depose Mr. Stanley, Hoechst treated Stanley as a corporate representative of Arteva / KoSa. However, it appears from the more recent filings that the parties agree Stanley can no longer be characterized as such. Therefore, the Court analyzes Stanley's motion to quash as it would any other third-party subpoena.

[4] Since Hoechst states within its brief that it is amenable to rescheduling the deposition (at least until the end of next week), the Court will require it to do so. (Mem. In Opp., at 6.)

4

of discovery is lifted in 3:03CV1516, or whichever date comes later.

**D. Order**

**IT IS HEREBY ORDERED** that the Motion To Modify or Quash Subpoena is hereby **GRANTED**. Accordingly, Hoechst is to postpone its deposition of Troy F. Stanley until **after November 30, 2005**, or until after the stay of discovery in MDL 1516 is lifted, whichever date comes later.

**Signed: November 1, 2005**

Richard L. Voorhees
United States District Judge